IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SUSAN ROSE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CARMAZZI, INC., STRATCOMM, INC. and ACE REPORTING-US, LLC,<br><br>    Defendants. | No. 17-CV-121-LRR<br><br>**ORDER** |

_____

The matter before the court is on the court's February 4, 2020 Order (docket no. 71), which directed the parties to brief the issue of personal jurisdiction and venue. On February 12, 2020, Plaintiff Susan Rose filed the "Relator's Brief in Support of Personal Jurisdiction and Venue" ("Rose's Brief") (docket no. 73). On the same date, Defendant StratComm, Inc. ("StratComm") filed its "Brief on Personal Jurisdiction and Venue" ("StratComm's Brief") (docket no. 75). Also, on the same date, Defendant ACE Reporting-US, LLC ("ACE Reporting") filed its "Brief Regarding Jurisdiction and Venue" ("ACE Reporting's Brief") (docket no. 76). On February 13, 2020, the court entered an Order (docket no. 77), allowing the parties the option of filing a response to the briefs filed on February 12, 2020. On February 19, 2020, Rose filed the "Reply Brief on Venue/Joinder" ("Rose's Reply") (docket no. 78). On the same date, ACE Reporting filed its "Response to Relator's Brief Regarding Jurisdiction and Venue" ("ACE Reporting's Reply") (docket no. 79).

In this case, Rose brings claims against each Defendant for violation of the False Claims Act ("FCA"). 31 U.S.C. § 3732(a), governs jurisdiction and venue in an FCA case:

> Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

*Id*. In her brief, Rose asserts that jurisdiction and venue are proper under § 3732(a) because Defendant Carmazzi, Inc. ("Carmazzi") transacts business in the Northern District of Iowa, conducted acts under § 3729 in the Northern District of Iowa and has "minimum" contacts within the Northern District of Iowa. *See generally* Rose's Brief at 4-6. In its brief, StratComm agrees that, because Carmazzi "had done business in . . . Sioux City, which is located in the Northern District of Iowa . . . Rose has likely satisfied her personal jurisdiction requirements in this case." StratComm's Brief at 2.

However, on December 2, 2019, Carmazzi filed Notice of Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of California. *See* Notice of Bankruptcy Filing (docket no. 61), Exhibit A (docket no. 61-1). Pursuant to 11 U.S.C. § 362(a), an automatic stay was entered with respect to Debtor Carmazzi. With Carmazzi stayed in this action, Defendants StratComm and ACE Reporting have no contacts in the Northern District of Iowa. Thus, StratComm asserts that, while venue was initially proper in the Northern District of Iowa given Rose's allegations against Carmazzi; now, since Carmazzi's bankruptcy filing, StratComm contends that venue should be transferred to the Southern District of Iowa. *See generally* StratComm's Brief at 3-4.

In its brief, ACE Reporting argues, among other things, that it "is not a proper party to this action, as joinder was improper under Fed[eral] R[ule of] Civ[il] P[rocedure] 20(a)(2)[.]" ACE Reporting's Brief at 4. In her reply, Rose initially contends that "the court's order did not request briefing on the joinder of parties" and ACE Reporting "has not previously raised this issue, either within its motion to dismiss or otherwise, and so it should be disregarded." Rose's Reply at 2. While it is correct that the court did not address the issue of joinder in its order directing briefing on the issue jurisdiction and

venue, whether the parties are properly joined directly impacts that court's consideration of venue. Therefore, the court will consider ACE Reporting's argument on joinder.

Fed. R. Civ. P. 20(a)(2) provides in pertinent part:

Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

*Id*. The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). However, joinder is only permitted if the two prerequisites found in Rule 20(a) are met. "Permissive joinder is not . . . applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted . . . against, each . . . defendant relating to or arising out of the same transaction or occurrence, or a series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." *Mosley*, 497 F.2d at 1333. In determining whether a particular factual situation constitutes a single transaction or occurrence, courts generally use a "case by case approach." *Id*. "Transaction" is a word of "flexible meaning," and "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id*.

ACE Reporting argues that "[j]oinder of defendants in an FCA action is improper where, as here, the plaintiff fails to allege a 'conspiracy or concert of action or joint and several liability between the defendants.'" ACE Reporting's Brief at 5 (quoting *United States v. St. Joseph's Reginal Health Center*, 240 F.Supp.2d 882, 886 (W.D. Ark. 2002)). The case cited by ACE Reporting that is most similar to the situation presented

3

here is *United States ex rel. N. Santiam Watershed Council v. Kinross Gold USA, Inc.*, No. C 96-3673 TEH, 1998 WL 118176 (N.D. Cal. Mar. 9, 1998).[1] In *N. Santiam Watershed Council*, relators brought claims against eighteen different mining companies, arguing that the defendant mining companies "fraudulently obtained United States mineral assets in violation of the FCA." 1998 WL 118176 at *1. Specifically, relators argued that "[t]he Mining Act requires that applicants be in compliance with the 'laws of the United States'" and "defendants committed fraud when they certified that they were in compliance with the 'laws of the United States' when in fact none of them had fully complied with the Foreign Agents Registration Act[.]" *Id*. On the issue of joinder, the district court determined that:

> The only common thread running through the factual statements in the Amended Complaint is relators' contention that defendants each failed to comply with [the Foreign Agents Registration Act], and that therefore each fraudulently obtained United States mining patents. Although the same questions of law would arise with respect to each of the defendants, relators have failed to allege facts to meet the second requirement of Rule 20(a), that defendants' conduct relates to or arises out of the "same transaction or occurrence." Defendants' are accused of engaging in similar activities, however, it is clear that each incident would have to be considered separately, and that the determination of facts and the scope of testimony with respect to one defendant would have little relevance to issues raised by another defendant.

*Id*. at *2.

In response to ACE Reporting, Rose asserts that "[a]ny allegation that § 3732 only

---

[1] In its brief, ACE Reporting cites to two additional cases, *St. Joseph's Reginal Health Center*, which is distinguishable from this case because the government conceded that the defendants in that case were improperly joined and moved to sever and transfer the defendants from the Eastern District of Pennsylvania to the Western District of Arkansas. *See* 240 F.Supp.2d at 886-87. ACE Reporting also cites *United States ex rel. Smith v. Yale University*, No. 302CV1205PCD, 2006 WL 566440 (D. Conn. Mar. 7, 2006), however, this case was vacated in part on reconsideration in *United States ex rel. Smith v. Yale University*, No. 3:02CV1205(PCD), 2006 WL 1168446 (D. Conn. Apr. 28, 2006). The court finds these cases unpersuasive on the issue of joinder.

applies where the defendants are engaged in a shared fraud scheme is refuted by the plain language of § 3732(a)." Rose's Reply at 2 (citing *United States ex rel. Sandager v. Dell Marketing, L.P.*, 872 F.Supp.2d 801 (D. Minn. 2012)). Rose asserts that "[i]t is in the interest of judicial economy for a Relator to prosecute an FCA Complaint in a singular district where the Complaint relies on common facts and fraud practices." Rose's Reply at 3. Rose concludes that, this court should find, as the court in *Sandager* found, "that the facts alleged are reasonably related such that joinder" is proper. *Id*.

In *Sandager*, the relator brought claims against nineteen companies that sell computer equipment. 872 F.Supp.2d at 804. The relator alleged that the defendants "offered to sell the [g]overnment computer products that were not made in the United States or in approved designated countries, in violation of federal law." *Id*. The relator contended that "[d]efendants violated the [FCA] by misrepresenting and falsely certifying that their products comply with the [Trade Agreements Act of 1979]." *Id*. at 805. On the issue of joinder and venue, the district court determined that:

> Defendants argue, however, that the FCA's broad venue language only applies where the defendants are engaged in a shared scheme to defraud, i.e., they are co-conspirators. This interpretation is contrary to the plain language of § 3732(a), which does not require, explicitly or implicitly, that the defendants must be engaged in a conspiracy to defraud.
>
> Defendants also argue that they are improperly joined under Rule 20 because Sandager does not allege a "series of transactions or occurrences" common to each [d]efendant[.] . . . Under Rule 20(a)(2), persons may be joined as defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or ccurrences; and (B) any question of law or fact common to all defendants will arise in the action." As Sandager notes, Rule 20 has been construed "very broad[ly]" to "permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley*[, 497 F.3d at 1333]. "Absolute identity of all events is unnecessary." *Id*. Here, the claims asserted and the facts alleged are reasonably related.

*Sandager*, 872 F.Supp.2d at 806-807.

Considering both *Sandager* and *N. Santiam Watershed Council*, the court finds *Sandager*, a much more recent and published case, more persuasive. Accordingly, having considered the Amended Complaint (docket no. 49) in this matter, the court finds that the facts alleged to be reasonably related, and that the joinder of the defendants in this action is proper.

The court now turns to the issue of transfer, which is predicated on the fact that, with Carmazzi stayed in this action due its filing of Chapter 7 bankruptcy, neither StratComm nor ACE Reporting have any contacts in the Northern District of Iowa.

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id*. In determining whether to transfer an action under § 1404(a), courts consider the following factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). StratComm asserts that "the interests of justice and the convenience of the parties now justifies a transfer of venue . . . since the allegations as to StratComm and . . . ACE Reporting . . . are tied to districts other than the Northern District of Iowa." StratComm Brief at 3. In her reply, Rose states that, "given the stay against Defendant Carmazzi, the Southern District of Iowa may be convenient for all parties," and as such, Rose "does not object to the transfer of venue to the Southern District of Iowa pursuant to . . . StratComm's request."[2] Rose's Reply at 2. Believing that it was improperly joined to this action, ACE Reporting, in the alternative to dismissal, asserts that the case should be transferred to the District of Nebraska. *See* generally ACE Reporting's Brief at 12-14.

As the court has already determined that ACE Reporting was not improperly joined

---

[2] This action against Defendant Carmazzi, Inc. is stayed due to Carmazzi filing Chapter 7 bankruptcy. *See* Notice of Bankruptcy Filing (docket no. 61), Notice of Automatic Stay (docket no. 62).

in this action, the court finds that transfer to the Southern District of Iowa is proper. First, the Plaintiff, Rose, consents to the transfer of this matter to the Southern District of Iowa. Defendant StratComm has strong admitted contacts in the Southern District of Iowa, as it admits Rose's allegations of business dealings in Davenport, Iowa and Des Moines, Iowa, both located in the Southern District of Iowa. As such, venue is proper for both StratComm and ACE Reporting in the Southern District of Iowa under 31 U.S.C. § 3732(a). The Southern District of Iowa is convenient to the parties, as it is centrally located between Minnesota (where Rose resides) and Nebraska (where ACE Reporting resides). ACE Reporting was fully prepared to litigate this case in the Northern District of Iowa until the court raised the issue of jurisdiction and venue, therefore, the Southern District of Iowa is not inconvenient to ACE Reporting. As the parties are properly joined, and in the interests of judicial economy, transfer to the Southern District of Iowa is also in the interests of justice. Accordingly, having fully considered the factors for determining transfer under § 1404(a), given the automatic stay of Carmazzi due to Carmazzi's filing Chapter 7 bankruptcy, and given StratComm's and ACE Reporting's lack of contacts in the Northern District of Iowa with Carmazzi stayed, the court finds that this case, as to Defendants StratComm and ACE Reporting should be transferred to the Southern District of Iowa.

## ORDER

In light of the foregoing, **IT IS ORDERED**:

As it pertains to Defendants StratComm, Inc. and ACE Reporting-US, LLC, the Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the Southern District of Iowa.

As it pertains to Defendant Carmazzi, Inc., the Clerk of Court is **DIRECTED** to close this case administratively, subject to being reopened upon the conclusion of the bankruptcy proceedings. The parties are **DIRECTED** to notify the court if, and when, the case needs to be reopened.

**IT IS SO ORDERED**.

**DATED** this 4th day of March, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA